UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
••••••••••••••••••••••••••••••••••••••••••••••••••••

**MARC LEWIS,**

**Plaintiff,**

-v-    9:12-CV-268 (NAM/CFH)

**MURPHY, Captain, Coxsackie Correctional Facility;
J. LEWIS, Corrections Counselor, Coxsackie
Correctional Facility; MATTHEW, Deputy
Superintendent for Administration, Coxsackie
Correctional Facility; CHRISTOPHER MILLER,
Deputy Superintendent for Security, Coxsackie
Correctional Facility; ERIC G. GUTWEIN,
Commissioner Hearing Officer, N.Y.S., D.O.C.C.S.,**

**Defendants.**

••••••••••••••••••••••••••••••••••••••••••••••••••••

APPEARANCES:

MARC LEWIS
95-A-2837
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, New York 14411
Plaintiff Pro se

HON. ERIC T. SCHNEIDERMAN Attorney General for the State of New York
KRISTEN M. QUARESIMO, ESQ., Assistant Attorney General
The Capitol
Albany, New York 12224-0341
Attorney for Defendants

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brought this action under 42 U.S.C. § 1983. Defendants moved (Dkt. No. 32) to dismiss for failure to state a claim. Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate Judge Christian F. Hummell

issued a Report-Recommendation and Order (Dkt. No. 39) recommending that the motion be granted only to the extent of dismissing the claims against all individual defendants in their official capacities and the substantive due process claim, and otherwise denied.

Defendants object (Dkt. No. 41), contending that the Court should dismiss plaintiff's procedural due process claim, which is based on plaintiff's 60-day confinement in the Special Housing Unit ("SHU"). Under 28 U.S.C. § 636(b)(1)(C), the Court reviews this issue *de novo*.

The Second Circuit has indicated that confinement in "normal" SHU conditions for fewer than 101 days does not meet the Sandin standard of an atypical and significant hardship. *See Ortiz v. McBride*, 380 F.3d 649, 654-55 (2d Cir. 2004). In *Ortiz*, the Second Circuit states:

> To be sure, with respect to "normal" SHU confinement, we have held that a 101-day confinement does not meet the Sandin standard of atypicality. *Sealey v. Giltner*, 197 F.3d 578, 589 (2d Cir. 1999). The duration of SHU confinement, however, is not the only relevant factor. We have said that under abnormal or unusual SHU conditions, periods of confinement of less than 101 days may implicate a liberty interest. *See Palmer v. Richards*, 364 F.3d 60, 65 (2d Cir. 2004) ("SHU confinements of fewer than 101 days could constitute atypical and significant hardships if the conditions were more severe than the normal SHU conditions ...."); *Colon v. Howard*, 215 F.3d 227, 232 n. 5 (2d Cir. 2000) ("We do not exclude the possibility that SHU confinement of less than 101 days could be shown on a record more fully developed than the one in *Sealey* to constitute an atypical and significant hardship under Sandin."); *Sealey*, 197 F.3d at 586 ("Both the conditions and their duration must be considered, since especially harsh conditions endured for a brief interval ... might ... be atypical." (citation omitted)).

380 F.3d at 654-55.

On the issue of the conditions of confinement during his 60 days in SHU, plaintiff's complaint (Dkt. No. 1) states:

> As a direct result of defendants' ... numerous constitutional violations the plaintiffs' adverse conditions among other atypical and significant hardships were the deprivations of: daily group religious services, daily family visits, daily family phone calls, daily group meals, daily group exercises, daily group

-2-

> therapeutic programs, daily work assignments, daily clothes washing, daily clothes ironing, daily recreational programming, daily human interaction, daily personal food cooking, daily showers, daily work wages, daily movement, commissary purchasing, and more importantly property as well as his liberty.

The Court finds these allegations sufficient to raise the question of whether the SHU conditioins were more severe than normal SHU conditions. Accordingly, the Court accepts the Report-Recommendation and Order and grants the dismissal motion only insofar as it dismisses the claims against all individual defendants in their official capacities and the substantive due process claim.

It is therefore

ORDERED that the Report-Recommendation and Order (Dkt. No. 39) of United States Magistrate Judge Christian F. Hummell is accepted in its entirety; and it is further

ORDERED that defendants' motion to dismiss (Dkt. No. 32) is granted as to the claims against all individual defendants in their official capacities and the substantive due process claim, and otherwise denied; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

Date: August 26, 2013
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge